```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JEFFERY EDWARD PARKER,

                Plaintiff,

vs.                                     Case No.   2:10-cv-453-FtM-29DNF

SONIC-FM, INC., doing business as
BMW of Fort Myers, BMW OF NORTH
AMERICA, LLC, DARRY SHEPHERD, GLEN
TRAUTMAN, LEE BOWLES, PAUL CULLINAN,
BRIGITTE SCHNEFF, JANE DOE, JOHN
DOE, individuals,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants Trautman, Bowles and Cullinan's Motion to Dismiss (Doc. #19), BMW of North America, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. #20), and BMW of Fort Myers and Darryl Shepherd's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Doc. #21), all filed on August 19, 2010.  Plaintiff filed Answers to each motion (Docs. #22, #23, #25).  For the reasons stated below, the motions are due to be granted and the Complaint dismissed without prejudice to pursuing claims in state court.

The individual defendants, Trautman, Bowles, and Cullinan, who are all employees of BMW of Fort Myers, argue that service of process was improper.  The returns of service for these individuals indicate that substitute service was made at their place of employment by serving a co-worker/co-defendant.  This is clearly

insufficient service of process on an individual. Under Federal Rule of Civil Procedure 4(e),

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual <u>personally</u>;
> >
> > (B) leaving a copy of each at the individual's <u>dwelling or usual place of abode</u> with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(emphasis added). Under Florida state law,

> (1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.
>
> (b) Employers, when contacted by an individual authorized to make service of process, shall permit the authorized individual to make service on employees in a private area designated by the employer.
>
> (2)(a) Substitute service may be made on the spouse of the person to be served at any place in the county, if the cause of action is not an adversary proceeding between the spouse and the person to be served, if the

>     spouse requests such service, and if the spouse and person to be served are residing together in the same dwelling.
>
>     (b) Substitute service may be made on an individual doing business as a sole proprietorship at his or her place of business, during regular business hours, by serving the person in charge of the business at the time of service if two or more attempts to serve the owner have been made at the place of business.

Fla. Stat. § 48.031(1), (2). Although Darryl Shepherd, as manager, may be authorized to accept service of process on behalf of the business, he is not authorized to do so on behalf of individually named employees. The motion to dismiss for improper service of process is granted.

Defendant BMW of North America, LLC argues that the Complaint is a "shotgun" pleading and therefore should be dismissed for failure to state a claim. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). See also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). A review of the allegations reflects an improper incorporation of prior paragraphs into each count rather than limiting the incorporation to facts and general allegations. Therefore, the motion to dismiss on this basis will be granted.

Defendants BMW of Fort Myers and Darryl Shepherd argue that the Court does not have jurisdiction because the jurisdictional threshold amount is not alleged, and cannot be met even if alleged.

In the Complaint, plaintiff alleges that the Court has jurisdiction pursuant to 15 U.S.C. § 1121(p) and 15 U.S.C. § 1338(a). (Doc. #1, ¶ 2.) Neither statutory section applies to this case. One pertains to jurisdiction in a trademark action and the other provides for criminal penalties for cigarette labeling and advertising. In this case, plaintiff seeks damages pursuant to the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (Magnuson-Moss) and Florida Statute Section 501.975, et seq., id., at 1, which follows Magnuson-Moss. The Court will also assume that plaintiff is alleging a claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. §§ 501.201, et seq., and 501.211, which is a state claim and does not support federal jurisdiction in this case.

Under the Magnuson-Moss Warranty Act, for a civil action by a consumer for damages, "[n]o claim shall be cognizable. . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). This total does not include attorney's fees and does not include damages flowing from any state law claims. Ansari v. Bella Auto. Grp., Inc., 145 F.3d 1270 (11th Cir. 1998).

In the Complaint, plaintiff states that he purchased a 2000 BMW 323CI CV for $17,500.00. (Doc. #1, ¶ 16.)  Plaintiff further states in the Wherefore clause for each count that he seeks $10,000.00 "per violation."  Plaintiff states that he should have received a $300 credit for the purchase of a second key. (Id., at 48.)  Plaintiff alleges 7 counts, one for each defendant and all under the same two statutes.  Plaintiff argues that the $10,000.00 per defendant amount provides a total of $70,000.00 and more than enough for the amount in controversy.  (Doc. #25, ¶ 3.)

Unfortunately, the $10,000.00 is derived from the statutory civil penalty amount stated in Fla. Stat. § 501.2075, which is recoverable only by an "enforcing authority" and goes to the coffers of the state.  Therefore, the amount cannot be considered as part of plaintiff's damages under FDUTPA, which only permits two remedies:  declaratory or injunctive relief or actual damages. Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc., 262 F. Supp. 2d 1334, 1357 (S.D. Fla. 1999)(citing Fla. Stat. § 501.211). Even if the Court considered the approximate value of the car, $17,500.00 as actual damages under FDUTPA, the damages cannot be included in the calculation of damages under Magnuson-Moss.  Even if the equivalent amount was considered separately under Magnuson-Moss, the value of the car is not $50,000.00 based on the allegations in the Complaint.  The Court finds plaintiff cannot

assert jurisdiction in federal court, even if he were permitted to amend the complaint.

Accordingly, it is now

**ORDERED**:

1. Defendants Trautman, Bowles and Cullinan's Motion to Dismiss (Doc. #19) is **GRANTED.**

2. BMW of North America, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. #20) is **GRANTED.**

3. BMW of Fort Myers and Darryl Shepherd's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Doc. #21) is **GRANTED.**

4. The Complaint (Doc. #1) is **dismissed** without prejudice to pursuing claims in state court.  The Clerk shall enter judgment accordingly, terminate all pending matters as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of December, 2010.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Plaintiff
Counsel of record